Partridge *v* Luce.

court of bankruptcy issued a precept directed to the officer, restraining him and all other sheriffs, and directing him not to execute said precept. To that direction the officer conformed, and the execution was returned "in no part satisfied."

The supersedeas was granted without notice to the plaintiff, and its introduction was objected to by him, but it was received. This is an action upon said judgment.

The case was submitted to the Court.

*J. S. Abbott*, for the plaintiff.

*F. Allen*, for the defendant.

---

## PARTRIDGE & al., *petitioners, versus* LUCE.

Where a co-tenant of land, *after* petitioning for a partition, and *prior* to the interlocutory judgment of *fiat partitio*, has conveyed his interest, advantage of the conveyance can be taken by plea in bar.

But a sale, made *after* such interlocutory judgment, furnishes no objection to the petitioner's title.

The owner of upland, bounded on the sea, will hold the flats for one hundred rods from highwater mark, provided they extend so far, but not beyond that distance.

A petition for partition of land, described as bounded on the sea, or on a bay of the sea, is to be held as a petition for a division of the flats as well as of the upland.

On such a petition, it is the duty of the commissioners to divide the flats as well as the uplands.

If, in such a case, the commissioners have left the flats undivided, their report will be recommitted, for the purpose of having the flats divided, unless it appear to the Court that they are incapable of division.

ON EXCEPTIONS from *Nisi Prius,* TENNEY, J., presiding.

PETITION FOR PARTITION of a lot of land.

The petitioners collectively owned eleven sixteenths and the respondent five sixteenths of the land. It is described in the petition as bounded westerly by a highway; southerly by a line, [described;] easterly by Owl's Head bay; northerly by a line from the highway to an iron bolt in the ledge at highway mark, and to *the eastern boundary,* being about one acre.

It consisted partly of upland and partly of flats adjoining the same, the highwater mark being a line curving into the upland. The distance between highwater and low water mark was about 20 rods

After the requisite preliminary proceedings commissioners were appointed to make partition. They divided the upland down to highwater mark. They did not, however, make partition of the flats, but left them undivided.

The Judge recommitted the report, in order that a partition of the flats as well as of the upland should be made.

To that recommitment, the respondent excepted.

*Lowell & Foster,* for the respondent.

1st. The object of this bill of exceptions is to bring the subject matter before the full Court, with a view to have the question settled, as to the divisibility and partition of the flats, and the basin-formed harbor of Rockland, between adjoining owners of upland lying upon the banks of the continuous curving shores.

2d. In order to avail himself of the judgment of the full Court, the defendant, for the purposes of the trial, contends that the flats beyond and below highwater mark are not the subject of *this process* of partition, and if it were otherwise, and if the flats be the subject of partition, then it is suggested that the language of the prayer of the petition does not require the commissioners to extend the partition beyond highwater mark. R. S. c. 121, § 2 & 18; *Mayhew* v. *Norton,*

17 Pick. 357 ; *Kennebec Ferry Co.* v. *Bradstreet,* 28 Maine, 374; *Lincoln* v. *Wilder,* 29 Maine, 169 ; *Davis* v. *Prentiss,* 16 Pick. 435 ; *Emerson* v. *Taylor,* 9 Maine, 42 ; *Lapish* v. *Bangor Bank,* 8 Maine, 85.

3d. Should it be decided that the law authorizes the partition of basin-formed flats, when reasonably practicable, then it is submitted, that the flats and shores disclosed in this case are of such a character as to render a partition by metes and bounds impracticable, or so extremely difficult that it ought not to be required or attempted.

*Ruggles,* for the petitioners, suggested that, since the commissioners made their report, one of them has purchased a part of the petitioners' title, and that the petitioners have sold to various persons all their interest.

SHEPLEY, C. J. — If the exceptions be overruled and the recommitment confirmed, one new commissioner, at least, must be appointed.

The opinion of the Court was drawn up by

WELLS, J. — It was suggested at the argument of the exceptions, that some of the petitioners had conveyed their interest in the premises since the appointment of the commissioners. If such conveyance to third persons had been made after the commencement of the petition and before the interlocutory judgment, that partition shall be made, no advantage could be taken of it without a plea in bar. *Upham* v. *Bradley,* 17 Maine, 423. The petitioners would be at liberty to take issue upon such plea, and to have it tried by a jury. *Mitchell* v. *Starbuck,* 10 Mass. 5. But the interlocutory judgment establishes the rights of the petitioners, and they cannot be investigated anew without setting aside that judgment. It is then too late in the present stage of the proceedings, to enter into the inquiry as to the proper parties to the process.

It is contended by the respondent, that the petition does not require a division of the flats, that they are not embraced in the description of the premises of which partition is sought, and that the statute does not authorize a partition of them.

In the petition the premises are bounded "easterly by Owl's Head bay." Whatever is included within that boundary would by the interlocutory judgment belong to the petitioners, so far as it was the subject of private property. A bay is an arm of the sea, extending into the land. It is a part of the sea. And the boundary is to be regarded in the same manner as if it had been stated, that the premises were bounded on the east by the sea.

The principle of the Colonial Ordinance of 1641 has been adopted in this State, so that the owner of lands bounded on the sea shall hold to low water mark, where the tide does not ebb more than one hundred rods, but he cannot claim beyond those limits, where the tide ebbs to a greater distance. The owner of the upland bounded on the sea can hold the flats for one hundred rods from highwater mark, provided they extend so far, but not beyond that distance. *Storer v. Freeman*, 6 Mass. 435; *Lapish v. Bangor Bank*, 8 Greenl. 85; *Mayhew v. Norton*, 17 Pick. 357; *Winslow v. Patten*, 34 Maine, 25.

No satisfactory evidence was presented to the Court to show, that the flats were incapable of a division, and such a result cannot be anticipated. The exceptions must be overruled, and the order of the presiding Judge, that the report should be recommitted for the purpose of dividing the flats, is confirmed.

SHEPLEY, C. J., and HOWARD, RICE and HATHAWAY, J. J., concurred.